# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8635 | **DATE** | 12/4/2012 |
| **CASE TITLE** | Gooden vs. AT&T | | |

**DOCKET ENTRY TEXT**

In sum, we allow Plaintiff to proceed *in forma pauperis* (3), but deny her motion for appointment of counsel.(4). It is so ordered. The Clerk of the Court is directed to issue summons and complaint to the U.S. Marshal's Service for service on defendant. A status hearing is set for 2/21/13 at 10:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

Presently before us is Plaintiff Nicole Gooden's application to proceed *in forma pauperis* in her lawsuit against AT&T and motion for appointment of counsel. Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she and her spouse are currently unemployed. (Aff. ¶¶ 2–3.) She receives $406 a month from unspecified sources. (*Id.* ¶ 4.) Plaintiff further declares that she is responsible for supporting two children. (*Id.* ¶¶ 10.) Accordingly, Plaintiff's annual income for the past twelve months places her under the poverty guideline for a four-person household as established by the Department of Health & Human Services. (*See* Health & Human Services 2012 Poverty Guidelines, setting the guideline at $23,050 for a four-person household.) We thus find Plaintiff's allegation of poverty to be true.

According to the complaint, Defendant discriminated against Plaintiff based on race, color, and disability when it terminated Plaintiff's employment. (Compl. ¶¶ 9, 12.) Plaintiff also claims Defendant retaliated against her for making complaints against the company. (*Id.* at 12.) Based on our initial, cursory review of the complaint at this preliminary stage, we conclude that Plaintiff has stated a claim upon which relief may be granted. We thus grant Plaintiff's application to proceed *in forma pauperis*.

| **STATEMENT** |
|---|
| We deny, however, Plaintiff's motion for appointment of counsel. In order for us to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See also Pruitt v. Mote*, 503 F.3d 647, 655–58 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1006–09 (7th Cir. 2006). The legal issues raised in Plaintiff's complaint are not so complex or intricate that a trained attorney is necessary at this time. We encourage Plaintiff to use the resources available to *pro se* plaintiffs through the clerk of court's office. Additionally, we typically require a litigant to submit documentation showing that numerous attorneys refused to accept the case. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Plaintiff did not support this motion with copies of any solicitation, rejection letters, or other documentation. If she wishes to file a new motion for appointment of counsel at a later stage of this litigation, Plaintiff should include such documentation.<br>In sum, we allow Plaintiff to proceed *in forma pauperis* but deny her motion for appointment of counsel. It is so ordered. |